Curia, per
Johnson, J.
The only ground necessary, to be considered in this case is the supposed; misdirection of the presiding Judge in charging.the jury that they were not at liberty under any circumstances to apportion the compensation of the plaintiffto the services actually-rendered, and that they were bound to allow him the stipulated wages for the year or nothing. I "have found it very difficult to reconcile the cases on this subject, or to extract from them any satisfactory and well defined rule. The English cases go very far inestablishing that,contracts particularly with servants and seamen cannot be apportioned, and that the-performance of the service is a condition precedent to the payment of wages, and they result in the rule, that when they are prevented from performing it by, the misconduct of the master, they are entitled to the stipulated wages for the. whole timé, and e conver-so, they are entitled to nothing if they abandon the service voluntarily. And yet the rule has been so far relaxed as to entitle the master to a deduction of any sum. which a seaman may have earned in another vessel in,the mean time. Abbot 392. 1 Com. on Cont. 362./ This rule is-evidently the result of expediency, especially as applied to seamen; and it becomes a question of some importance how far it is applicable, to the subject under consideration. The relation of employer and overseer, is.one which the state of the country renders almost, indispensably necessary to every planter, and collisions.do and must necessarily arise, and it is fit that there should be some settled rule on the subject. When the employer wantonly and without cause turns off his overseer, at a season of the *248 year when it would be impracticable to get employment elsewhere, and his time is wholly lost, I should feel no 'hesitation in inforeing the rule rigidly, not only as a punishment but as a just remuneration to the overseer ;|and so when the overseer abandons the employer without cause, or by his neglect inflicts a loss on him commensurate with the services which he has performed, he clearly deserves no compensation.
There is however a third class of cases for which it is necessary to provide, and which are perhaps of the most common occurrence. They are those where the employer reaps the full benefit of the services which have been rendered, but some circumstance occurs which renders his discharging the overseer necessary and justifiable, and that perhaps not immediately connected with the contract, jas in the present case. It happens frequently jtoo that it jbeeomes a question of great difficulty to ascertain with Whom the first wrong commenced. I cannot reconcile it to my notions of natural justice, that the overseer should not recover a compensation for the services, so far as they were directed, and which have been beneficial to the employer. And I am unable to discover any evil which is likely to result from submitting such a matter to the sound discretion of a jury of the country. And as a matter of expediency I should be disposed to establish it as a rule. This conclusion is I think supported by the principle of the exception before noticed, and by the common case in which a party is permitted to prove by way of defence, that owing to some defect in the execution of work and labor done and performed, the thing is not worth so much as was stipulated for; and the still more comprehensive principle, that a partial failure of consideration is a good ground of defence. Cases of this description are of very frequent occurrence, and although this question has never been judicially determined, it may be clearly collec *249 ted from them, that the prevailing opinion is favorable to an apportionment. In some cases the jury have found the ' entire sum, but in most they have apportioned it when the circumstances justified it. Yet the point has never been adverted to'by the bench or the bar, (vide Crawford vs. Davis, 2 Const. Rep. 403. Clancey ys. Robinson, 2 Const. Rep and Conelly vs. Irby,) except in the case "of Cox vs. Adams, 1 Nott and M’Cord 284, which is relied on in opposition to the motion. But by referring to that case, it will be found that the question was not made, nor is there even a dictum in relation to it.
I am of opinion therefore, that the.case should go back on the ground of misdirection, unbiassed by any opinion of the court as to the facts, and it is ordered accordingly.
New trial granted. (a)

 See the case of Scott vs. Baldrick, 2 Const. R. 410, and the next case of Eaken vs. Harrison, and M’Clure vs. Pyatt, ante, 26.